## In re: GLACEAU VITAMINWATER MARKETING AND SALES PRACTICES LITIGATION.

**Phyllis Valentine, et al.**

**v.**

**The Coca–Cola Co., et al.  D. New Jersey, C.A. No. 1:09–2997.**

**Batsheva Ackerman, et al.**

**v.**

**The Coca–Cola Co., et al., E.D. New York, C.A. No. 1:09–395.**

**MDL No. 2080.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

* Judge Heyburn did not participate in the dis-

## ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Defendants The Coca–Cola Co. and Energy Brands Inc. have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California.  The Eastern District of New York plaintiffs oppose centralization.

This litigation currently consists of two actions pending in two districts, one action each in the District of New Jersey and the Eastern District of New York.

On the basis of the papers filed and hearing session held, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  Inasmuch as this litigation involves only two actions, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time.  Alternatives to transfer exist that can minimize whatever possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).  Furthermore, plaintiffs in the District of New Jersey action have attempted to dismiss their action and join in the complaint in the Eastern District of New York, which would negate the multidistrict character of this litigation.  If the plaintiffs have managed to cooperate and

position of this matter.

have agreed to file in one district, we see no reason to discourage their efforts.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.